UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES TINGLER, | ) | CASE NO. 1:22-CV-1769 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) | |
| | ) | |
| CATHERINE HASTINGS, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Charles Tingler filed this civil rights action under 42 U.S.C. § 1983 against Ohio Adult Parole Authority ("OAPA") Parole Officer Catherine Hastings, OAPA Senior Parole Officer James Wilson, OAPA Unit Supervisor Ted Davis, and OAPA Hearing Officer Erin Hoston.  He claims that from June 2020 to December 2020, the Defendants retaliated against him for exercising his constitutional right to file complaints or grievances with government bodies by imposing sanctions for violating the terms of his post release control.  He contends the sanctions violated the First, Eighth, and Fourteenth Amendments.  He indicates he completed his sentence in January 2022.  He seeks monetary damages and a "retroactive injunction to ensure it does not happen to any other parolee."  (Doc. No. 1 at 5).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2).  That Motion is granted.

### I. Background

Plaintiff's Complaint contains few factual allegations.  He claims only that:

Catherine Hastings, James Wilson, Ted Davis, and Erin Hoston all conspired to violate the conditions of my post release control sanctions and incarcerate me, in

> retaliation against me for exercising my constitutional rights. Specifically, I was reporting crime to law enforcement, filing complaints/grievances with official government bodies, and I was making public records requests in accordance with Ohio Revised Code 149.43. This is all legal conduct on my end, and I should not have been punished for doing so. My post release control sanction terminated on January 18, 2022.

(Doc. No. 1 at 4). He states that the events giving rise to his claims occurred between June 9, 2020 and December 23, 2020. He states that the only injuries he incurred were "having my voice silenced and being unlawfully deprived of my liberty." (Doc. No. 1 at 6). He seeks $250,000.00 from each Defendant for a total of $ 1,000,000.00 and a retroactive injunction.

Plaintiff attaches to his Complaint a Notice of Findings of Release Violation Hearing dated October 26, 2020. The Notice indicates that between May 28, 2020 and June 9, 2020, Plaintiff sent communications to Ohio Sixth District Court of Appeals Judge Gene A. Zmuda, Ohio Sixth District Court of Appeals Judge Christine E. Mayle, Port Clinton Mayor Michael Snider, Port Clinton Safety Director Tracy Colson, Ottawa County Sheriff Stephen J. Levorchick, Wyandot County Sheriff Mike Hetzel, Port Clinton Police Chief Robert Hickman, Sandusky County Sheriff Christopher Hilton, the Ohio Governor's Office, and Erie County Sheriff Paul Sigsworth. The Notice states that Plaintiff emailed these officials after he was given an amended condition of supervision barring him from contacting these public officials unless he had prior approval from his parole officer or unless it was an emergency. Neither of these exceptions applied, and he was found guilty of the violation. He was sentenced on October 26, 2020, to sixty days in prison. Upon release from prison, he was ordered to report to his parole officer to resume monitoring. He indicates he completed his sentence on January 18, 2022.

## II.      **Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

This is Plaintiff's third attempt to bring these claims before this federal court. On November 27, 2020, Plaintiff filed both a civil rights action, *Tingler v. Hoston*, No. 1:20 CV 2664 (N.D. Ohio Feb. 23, 2021)(Oliver, J.), and a habeas petition, *Tingler v. Clipper*, No. 1:20 CV 2662 (N.D. Ohio Mar. 29, 2021)(Helmick, J.), asserting that the Ohio Parole Board's

sanctions for violating his post release control by contacting government officials violated his First and Eighth Amendment rights. United States District Court Judge Solomon Oliver dismissed his civil rights case stating that an individual subject to post release control is "in custody" for purposes of the habeas corpus statutes and therefore his sole remedy to seek release from custody was habeas corpus. Further, Judge Oliver stated Plaintiff could not obtain damages for an alleged unconstitutional incarceration unless that sentence was reversed on appeal or called into question by the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). *Heck* applies to parole revocation decisions and sanctions involving incarceration for post release control violations. *See Lathan v. United States*, No. 3:18 CV 2115, 2019 WL 857962 at *4 (N.D. Ohio Feb. 22, 2019)(applying *Heck* to post release control sanctions); *Pettus-Brown v. Adult Parole Authority*, No. 2:18 CV 82, 2019 WL 2058627, at *1 (S.D. Ohio May 9, 2019)(applying *Heck* to a complaint challenging the constitutionality of Ohio post release control statute and requests for declaratory and injunctive relief). Judge Helmick dismissed Plaintiff's habeas petition without prejudice for failure to exhaust state court remedies. There is no indication that Plaintiff attempted to exhaust his state court remedies with regard to his post release control conditions. Instead, Plaintiff waited until his sentence was completed in January 2022, and then filed this civil rights action.

      The first question before the Court is whether Plaintiff is still barred by *Heck* from pursuing these claims now that his sentence has been served. The United States Sixth Circuit Court of Appeals determined that *Heck*'s favorable-termination requirement applies in all cases, including those in which the Plaintiff is no longer incarcerated, where the Plaintiff had the opportunity to seek habeas relief while still "in custody." *Powers v. Hamilton County Public Defender Commission*, 501 F.3d 592, 601 (6th Cir. 2007). If, however, the Plaintiff was

precluded as a matter of law from ever filing a habeas petition, because the individual was never "in custody" or was given such a short sentence that the individual could not have filed a habeas petition, *Heck* does not apply. *Id.* (finding an exception to *Heck*'s favorable termination requirement where Plaintiff could not have obtained habeas review of his sentence under any circumstances because he was fined for misdemeanor reckless-driving and then imprisoned for at least one, but not more than thirty, days for his failure to pay the fine).

Here, Plaintiff had the opportunity to pursue habeas relief while he was still "in custody" under his sentence. He was convicted in Ottawa County, Ohio on two counts of inducing panic (both fourth-degree felonies), one count of disrupting public services (a fourth-degree felony), and one count of aggravated menacing (a first-degree misdemeanor) in connection with several telephone calls to a local school reporting bomb threats and school shooter activity. On May 13, 2015, Common Pleas Court sentenced him to four years in prison. In November 2016, the Ottawa County Court of Common Pleas granted him judicial release and placed him on community control. On June 30, 2017, the trial court found Plaintiff guilty of violating the terms and conditions of his community control by repeatedly filing complaints and grievances with public officials, officers of the court, law enforcement, and public and private agencies and re-imposed his remaining four-year prison term. *See State v. Tingler*, No. OT-17-032, 2019 WL 1096541 (Ohio 6 Dist. App. Ct. Mar. 8, 2019). The exhibits to Plaintiff's Complaint indicate he was released to post release control on September 12, 2018. The term restricting his contact with public officials was added as a condition of supervision. He was charged in June 2020 with violating the conditions of his supervision due to contacting public officials. He was found guilty of the violation in October 2020 and sent to prison for sixty days. He was then released on post release control until his sentence was fully served on January 18, 2022. Plaintiff therefore

had from at least June 2017, when he was sanctioned for contacting public officials, until his release in January 2022 to exhaust his state court remedies and file a habeas corpus petition. The favorable termination requirement of *Heck* still applies. Plaintiff is barred from challenging his supervised release revocation or his sentence in a civil rights action.

Furthermore, the Eleventh Amendment is an absolute bar to the imposition of liability upon states, state agencies, and state employees who are sued in their official capacities. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). To the extent Plaintiff is asserting claims against these Defendants in their official capacities, the claims are barred by the Eleventh Amendment. To bring claims against state employees in their individual capacities, Plaintiff must allege facts demonstrating how each individual Defendant was personally involved in the alleged violation of his constitutional rights. Plaintiff's Complaint contains very few factual allegations and none of them describe individual conduct. To the extent he is attempting to bring claims against the Defendants in their individual capacities, he fails to state a claim upon which relief may be granted.

IV.     **Conclusion**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** February 16, 2023

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE